ANDERSON HORTON *v.* J. W. HEATH.

**Landlord and Tenant — Distress for Rent — Code of 1871, Chapter 21.**
> Where a landlord sues out an attachment for rent under the provisions of the Act of April 17, 1876, anyone claiming either the absolute title to the property seized, or such interest as shows that the property in whole or in part is not subject to distress, is entitled to replevy the property, but must proceed according to the provisions of chapter 21 of the Code of 1871, and under section 1631 of that Code this is the exclusive remedy.[1]

Attachment for rent by appellee against her tenant. Appellant made affidavit of his interest in the property attached before a magistrate, who issued a writ of seizure under the provisions of the Act of March 17, 1876, in reference to agricultural liens. On motion of appellee, the proceedings were dismissed in the magistrate's court, and it was also dismissed in motion in the Circuit

---

[1]
\* \* \* "And no person claiming title to such property distrained for rent, shall in any manner avail himself of the provisions of this article, unless by a writ of replevin, sued out and levied before the sale of such property under the distress; such writ of replevin shall issue in favor of such claimant, on his making and filing an affidavit that the goods and chattels distrained are his property, and not the property of the tenant, nor held in trust for the use of the tenant in any manner whatsoever, and that the same, in his opinion, are not liable to such distress, and giving bond and security in the manner hereinbefore directed for the tenant." \* \* \* Code of 1871, § 1631; see also Code of 1880, § 1317; Code of 1892, § 2530; Code of 1906, § 2868.

Unless the relation of landlord and tenant exists, the statutory remedy of attachment for rent cannot be resorted to, and it is essential that the demand be for rent. Stevens *v.* Moore, 1 Miss. Dec. 537, and cases cited in notes.

Whether the property was seized on the leased premises or not, the only remedy of one who claims goods levied upon by attachment for rent, is by replevin, as provided by section 1631, Code 1871. An ordinary action of replevin against the officer is improper. Kendrick *v.* Watkins, 54 Miss. 495; Gibson *v.* Lock, 58 Miss. 298.

The same is true under Code 1880, see section 1317 (Code 1892, § 2530). Paine *v.* Hall, Safe Co., 64 Miss. 175; 1 So. 56.

Under the act of 1882 (Laws, p. 139), an affidavit, in general terms, claiming the property, in conformity to section 1774, Code 1880, is a sufficient foundation for a claim by a third person replevying the goods levied on by attachment for rent or supplies; the affidavit provided by section 1317 of

Court.   From that judgment this appeal was taken.   The opinion of the court contains a full statement of the facts.

APPEAL from Circuit Court, Grenada county, Samuel POWELL, Judge.

Affirmed, May 9, 1881.

*Attorney for appellant, J. J. Slack.*

*Attorneys for appellee, Fitzgerald & Whitfield.*

Brief of J. J. Slack:
There was no privity between the landlord and Horton, either of contract or estate.   Taylor's Landlord & Tenant, §§ 108, 448; 50 Miss. 530.

Horton's crop was only bound to the extent of Matthews' interest in it (one-half).   The landlord was charged with the notice of the custom of the country, and with the knowledge that Matthews had contracted with appellant to work her land upon the shares, and with record notice that Pass had advanced supplies to Horton, with the full knowledge of the tenant, Matthews, to produce the crop.   50 Miss. 530, and authorities there cited.

The writ of seizure was improperly dismissed; it was the plain statutory remedy, pointed out by Acts of 1876, pages 110 and 111. The Code of 1880 did not take effect until November 1, and Horton's part of the cotton, if liable at all, should have only been subjected after all of Matthews' effects were exhausted, and then only in the proportion that the twenty-five acres worked by him, was to the entire amount rented by Matthews, and the other tenants of Matthews should have been held liable for their *pro rata* share of the rent due.   To dismiss the writ of seizure was error, and in the face of the statute of 1876.   Horton had no other remedy and the court erred in holding that he was confined to re-

the Code, that the goods are not held in trust for the tenant, etc., is not required.   Watkins *v.* Duval, 69 Miss. 364; 13 So. 727.

In replevin by a third person for property seized under attachment for rent, the burden is on plaintiff to show that he is entitled to the property. Section 2531, Code 1892, is merely declaratory of the previously existing rule.   Spears *v.* Robinson, 71 Miss. 774; 15 So. 111.

plevin. The case relied upon to sustain this view (Kendrick .v. Watkins, 54 Miss. 495) was the case of a stranger; in that case the only remedy was by replevin.

Horton, however, was not a stranger in that sense. He produced the cotton, made his contract, and sued out his writ of seizure, under the Acts of 1876, and before the Code of 1880 took effect, and was entitled to have his case tried on the merits. The corn he put in Matthews' crib, with Matthews' corn, and all the effects of Matthews should have been first exhausted. In fact, the better practice was (at that time, October 23) for the landlord to have resorted to the writ of seizure, though I presume she had the election of distress or seizure. But certainly the fact that she elected to distrain instead of seizure, could not preclude the cropper from resorting to his statutory remedy. Yet this was the learned judge's decision. I submit to the court that the Acts of 1876 did not give a lien upon the laborer's interest in the crop, when the landlord had rented the plantation in solid, as in this case, only to the extent of the interest of the landlord,. and while it is not disputed that Mrs. Devany had a lien upon Matthews' interest in all the crops, she did not have any more rights in the premises than Matthews, her tenant had (one-half).

I understand the law above referred to to give the laborer a lien for his share of interest, and provided that the lien for rent should be prior to all other liens or incumbrances. (Section 4, Acts of 1876.) But the same acts give the right to the tenant to mortgage his interest in the crop; then in this case we have the landlord subjecting not only his tenant's (Matthews') interest (one-half), of the three bales of cotton, produced by Horton, but Horton's one and one-half bales, that Pass had taken a mortgage upon, with the knowledge of Matthews. Under the agreed state of facts the court will render such judgment as it thinks proper, and I submit that there should be a judgment in favor of plaintiff for his one and a half bales of cotton, or the value, $75.

Brief of Fitzgerald & Whitfield:

Code of 1871, section 1631, and Code of 1880, section 1317, with the cases construing them, are decisive of this case. Replevin before sale was the only remedy, and the peculiar writ of replevin marked out by the statute. M. H. Gibson v. Locke &

Smith, 58 Miss. 298; Kendrick *v.* Watkins, 54 Miss. 495; Maxey *v.* White, 53 Miss. 80.

The writ of seizure was properly dismissed.

OPINION.—COOPER, J.:

Mrs. Devaney, by her agent, sued out an attachment for rent against her tenant, Joseph Matthews, which was executed by Heath, the officer, by the seizure of certain agricultural products. Anderson Horton, who produced the crop on the demised premises under a contract with the tenant by which he was to have one-half of all the crops raised, made affidavit of his interest in the same before a magistrate, who issued a writ of seizure directing the property in the hands of Heath to be seized under the provisions of the Act of April 17, 1876, in reference to agricultural liens.

A motion was made and sustained by the justice of the peace to dismiss Horton's proceedings, and on appeal to the Circuit Court, the motion was renewed and again sustained, and Horton appeals to this court.

It is here urged on behalf of appellant that the lien conferred upon the laborer by the Act of 1876 being purely statutory and a statutory remedy being also provided for its enforcement, the remedy is exclusive of all others, and to deny the right of the laborer to proceed under the provisions of the statute, is in effect to deny him all remedy to enforce his rights. In this we cannot concur. Chapter 21 of the Code of 1871, in relation to landlord and tenant, provides a statutory remedy for the enforcement of the landlord for rent. It declares what property shall not be liable to seizure even though the same be upon the demised premises, but limits the procedure by which a stranger to the writ may recover possession of property wrongfully taken by the officer under the distress warrant. It is by section 1631 expressly stated that "no person claiming title to such property distrained for rent shall in any manner avail himself of this article unless by a writ to replevin," etc. It is true that in no other case than one in which the property subject to the laborer's lien has been seized by an officer under a distress warrant, can the laborer enforce his lien in any other manner than that pointed out by the statute by which it is conferred, but he cannot by that means enforce it where the property has been seized under an attachment for rent

because of the positive prohibition of the Code above referred to; and having the right, with a positive prohibition of any other remedy to enforce it than that pointed out, he was entitled to avail himself of it. The common law right of the landlord to seize any property found upon the demised premises is by our statutes restricted so that he may only seize and sell the property of the tenant or his interest in the property. Any one claiming either title absolutely in the property seized, or such interest as shows that the property in whole or in part is not subject to distress and sale is entitled to replevy the property, but must proceed in accordance with the provisions of the Code.